UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW LINDSTROM,<br><br>            Plaintiff,<br><br>vs.<br><br>NEVADA STATE MILITIA (NEVADA NATIONAL GUARD),<br><br>            Defendant. | Case No. 3:24-cv -00152-ART-CSD<br><br>ORDER ON PLAINTIFF'S MOTION FOR INJUNCTION, RESTRAINING ORDER PETITION, AND OBJECTION TO MAGISTRATE JUDGE ORDER<br>(ECF Nos. 17, 56, 78) |

Plaintiff Andrew Lindstrom brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Before the Court are Plaintiff's motion for an injunction (ECF No. 17), Plaintiff's restraining order petition (ECF No. 56) and Plaintiff's objection to Magistrate Judge Denney's order denying Plaintiff's motion for his recusal (ECF No. 78). The Court will address each motion in turn. For the reasons set forth below, the Court denies Plaintiff's motions.

### I. Motion for Injunction (ECF No. 17)

Plaintiff requests an injunction against Kevin Remus, prohibiting him from contacting any potential witnesses in this matter and referring his conduct to the Nevada State Bar and law enforcement officials. Plaintiff alleges that Mr. Remus is the State Judge Advocate of the Nevada National Guard, and that he sent emails to Christopher Tinsman, who is a potential witness in this action as well as other actions filed by Plaintiff and Ms. Felcia Cavanaugh, in an attempt to deter Mr. Tinsman from testifying. Plaintiff alleges that in doing so, Mr. Remus has violated the Nevada Rules of Professional Conduct and 18 U.S.C. § 1512(d).

### A. Legal Standard

A party seeking a preliminary injunction must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if preliminary relief

is not granted, (3) the balance of equities is in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

For a court to have the power to grant a preliminary injunction or temporary restraining order, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied." *Iden v. Stark*, No. 3:22-CV-00121-MMD-CLB, 2022 WL 18231858, at *3 (D. Nev. Nov. 3, 2022), *report and recommendation adopted*, 2023 WL 158670 (D. Nev. Jan. 11, 2023 ); *see also Harris v. Gittere*, No. 3:22-CV-00042-ART-CSD, 2024 WL 4278489, at *2 (D. Nev. Sept. 24, 2024), *reconsideration denied*, 2025 WL 467596 (D. Nev. Feb. 11, 2025).

Plaintiff filed this action under FOIA, requesting the following relief: "Direct the Nevada State Militia to hand over Federal documents they are in direct possession of and have been directed to turn over by the National Guard Bureau, the Federal agency who has legal custody of the documents." (ECF No. 3 at 4.) Plaintiff's request for an injunction prohibiting Mr. Remus from contacting potential witnesses and referring his conduct to the state bar and law enforcement officials is not sufficiently connected to the underlying relief he seeks, as it is not grant 'relief of the same character as that which may be granted

finally.'" *Pacific Radiation Oncology*, 810 F.3d at 636 (quoting *De Beers*, 325 U.S. at 220). Rather, Plaintiff's motion is based upon new allegations of misconduct unrelated to his underlying claim. The Court, therefore, cannot issue an injunction on this basis. Accordingly, Plaintiff's motion for an injunction is denied.

The Court notes that issues of alleged harassment or interference with witnesses may be addressed in a motion for sanctions. *See e.g. InjuryLoans.com, LLC v. Buenrostro*, No. 2:18-CV-01926-GMN-VCF, 2020 WL 9160827 (D. Nev. Sept. 28, 2020).

## II. Restraining Order Petition (ECF No. 56)

Plaintiff's petition for a restraining order requests that the Court issue an order prohibiting Defendant from contacting Plaintiff or coming within physical proximity of him and prohibiting *ex parte* contact with witnesses in this matter. Plaintiff alleges that he has continued to suffer harassment, intimidation, and retaliation by Defendant, including harassment of potential witnesses, vandalism of Plaintiff's car, cyberstalking of Plaintiff, and a potential arson of Plaintiff's house. While such allegations, if true, present serious concerns, they are not properly the focus of a restraining order in this case.

Like Plaintiff's motion for an injunction, addressed above, Plaintiff's request for a temporary restraining order is based upon new allegations of misconduct that do not relate to his underlying claim. The relief that Plaintiff requests is not "'relief of the same character as that which may be granted finally.'" *Pacific Radiation Oncology*, 810 F.3d at 636 (quoting *De Beers*, 325 U.S. at 220). For the same reasons, the Court cannot issue a temporary restraining order on this basis, and Plaintiff's motion is denied. Again, issues of alleged harassment or interference with witnesses may be addressed in a motion for sanctions.

## III. Objection to Magistrate Judge Order (ECF No. 78)

Plaintiff filed a motion for the recusal of Magistrate Judge Denney in this

3

1 action. (ECF No. 59.) Plaintiff argued that Judge Denney should recuse himself because he is a former United States Attorney in Nevada and a former Army JAG Officer. Plaintiff also alleges that Judge Denney "more than likely practiced law with opposing counsel Patrick Rose," which requires him to recuse himself. Plaintiff states that Judge Denney has demonstrated bias against him in this action, has personal knowledge of the evidentiary facts, and has issued adverse rulings against him.

### A. Review of Magistrate Judge Orders

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N. D. Cal. Mar. 16, 1998)).

### B. Review of Judge Denney's Order Denying Motion for Recusal

Two statutes address recusal of federal judges. Under 28 U.S.C. § 144: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned

to hear such proceeding." Under 28 U.S.C. § 455, "recusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986)). Therefore, recusal is justified either by actual bias under § 144 or the appearance of bias under § 455. *Id*.

Judge Denney denied the motion for recusal under 28 U.S.C. § 144 first because Plaintiff failed to submit an affidavit showing bias or prejudice as required by the statue. Additionally, Judge Denney found that the allegations Plaintiff has set forth do not include facts sufficient to demonstrate actual bias or prejudice. Judge Denney stated that while he was an AUSA in the District of Nevada and a judge advocate in the Army, he never worked with the AUSA on a FOIA case; he does not personally know the AUSA in this action and has not worked with him in the past; he does not have personal knowledge of the facts in this case; and he has never served in the Nevada National Guard or worked with lawyers from the Guard on legal matters while in the Army reserve. Judge Denney's order also found that Plaintiff's allegation that adverse rulings were a basis for his recusal was insufficient to show bias, citing *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion") (citation omitted). The allegations Plaintiff brings regarding Judge Denney's bias are therefore insufficient to demonstrate actual bias or prejudice under 28 U.S.C. § 144.

For the same reasons, Judge Denney correctly denied the motion under 28 U.S.C. § 455. As Judge Denney noted, "Matters that are not ordinarily sufficient to require a § 455(a) recusal include: "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005). Plaintiff's speculation that Judge Denney is biased is not sufficient to demonstrate that recusal is warranted under

28 U.S.C. § 455.

In sum, while Plaintiff may be unsatisfied with Judge Denney's rulings, this is not a basis for recusal. The facts Judge Denney presented regarding his lack of personal knowledge, personal relationships, or connections to this case demonstrate that recusal is not warranted. Judge Denney's decision is therefore not clearly erroneous or contrary to law.

**IV.   Conclusion**

It is therefore ordered that Plaintiff's motion for an injunction (ECF No. 17) is DENIED.

It is further ordered that Plaintiff's petition for a restraining order (ECF No. 56) is DENIED.

It is further ordered that Plaintiff's objection to Judge Denney's order denying Plaintiff's motion for recusal (ECF No. 78) is OVERRULED.

Dated this 28th day of February 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE