UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREW LINDSTROM,

                    Plaintiff,

          vs.

NEVADA STATE MILITIA (NEVADA NATIONAL GUARD),

                    Defendant.

Case No. 3:24-cv-00152-ART-CSD

ORDER ON PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT (ECF No. 101) AND SUBSEQUENT MOTIONS (ECF Nos. 114, 117, 124)

Plaintiff Andrew Lindstrom brings this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Before the Court is Plaintiff's second Motion for Default Judgment (ECF No. 101), Plaintiff's Motion for Relief from General Order 2025-07 (ECF No. 114), Motion to Request Manual Filing Copy (ECF No. 117), and unopposed Motion for Extension of Remaining Merits Briefs Schedule (ECF No. 124). For the reasons discussed below, the Court denies Plaintiff's Motion for Default Judgment, denies Plaintiff's Motion for Relief from General Order 2025-07, denies Plaintiff's Motion to Request Manual Filing Copy, and grants Plaintiff's Motion for Extension of Remaining Merits Brief Schedule.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit under the Freedom of Information Act (FOIA) against Defendant Nevada State Militia ("Nevada National Guard") on March 29, 2024. (ECF No. 3.) A proof of service was returned indicating that Defendant was served by leaving a copy of the summons and complaint with the legal office manager at the Nevada Office of the Attorney General ("OAG"). (ECF No. 8.)

On June 24, 2024, Plaintiff filed a Motion for Default Judgment. (ECF No. 10.) On July 8, 2024, the Clerk of Court entered default against Defendant. (ECF No. 11.) Defendant moved to set aside the entry of default, arguing that as a

1

federal entity, it was not properly served, and therefore entry of default was inappropriate. (ECF No. 13.) The magistrate judge entered an order setting aside default judgment, finding that service on the Nevada OAG was improper and Defendant was not properly served. (ECF No. 27.)

Plaintiff brings this second Motion for Default Judgment arguing that service to the Nevada OAG was proper and therefore Defendant failed to respond to the lawsuit. (ECF No. 101.) Defendant responded. (ECF No. 104.) Plaintiff replied. (ECF No. 107.)

## II.    ANALYSIS

### A. Default Judgment

In his second Motion for Default Judgment, Plaintiff asks the Court to "reverse" the magistrate judge's order setting aside default (ECF No. 101 at 6.) The Court therefore construes his motion as one to reconsider the order setting aside default.

Under Rule 59(e), reconsideration may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).

A default judgment is void where a defendant had not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). For the purposes of FOIA, the Nevada National Guard is a federal agency. *See In re Sealed Case*, 551 F.3d 1047, 1049 (D.C. Cir. 2009) ("Under FOIA, the term 'agency' includes 'any . . . military department'" which includes state National Guards). Service of a United States agency is governed by Federal Rule of Civil Procedure 4(i). A plaintiff must serve the United States by delivering a copy of the summons and complaint to the United States Attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil process

clerk at the United States Attorney's Office, send a copy of each by registered or certified mail to the Attorney General for the United States in Washington, D.C., and send a copy of each by registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(A)-(B). Plaintiff argues that the service effectuated in *Cavanagh v. State of Nevada ex rel. Nevada Office of the Military* demonstrates that he properly served Defendant. No. 2:25-cv-919-JAD-MDC. In that case, counsel for the OAG accepted service on behalf of the State of Nevada, Nevada Office of the Military before the case was removed to federal court. *Id.* While the Nevada National Guard apparently did not object to the manner of service in *Cavanagh*, here it did. *See Phillips v. State Bar of Nevada*, No. 2:16-cv-00412-GMN-CWH, 2017 WL 1042461, at *2 (D. Nev. Mar. 16, 2017) (quoting *Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014), for the rule that "a party waives the defense of insufficient service of process by failing to assert it promptly … or by participating in the litigation without questioning personal jurisdiction."). Because the Nevada National Guard promptly objected that service was improper in its Motion to Set Aside Default (ECF No. 13), it did not waive its objection to improper service of process in this case. The Court agrees with the magistrate judge's conclusion that as a federal agency, the Nevada National Guard must be served pursuant to Rule 4(i). Therefore, Plaintiff's Second Motion for Default Judgment (ECF No. 101) is denied.

**B. Motion to Lift Stay**

Plaintiff argues that he is entitled to relief from General Order 2025-07, issued by Chief Judge Andrew Gordon on October 2, 2025, in response to the lapse in funding for the Department of Justice. (ECF No. 114.) The General Order extended all filing and discovery deadlines imposed upon the United States by the number of days equal to the length in days of the lapse of appropriations plus ten days. *See* General Order 2025-07. Since filing his motion, Plaintiff has stipulated to an extension of the merits briefing deadlines past the date described

in the General Order. (ECF No. 120.) Plaintiff's Motion for Relief from General Order 2025-07 (ECF No. 114) is therefore denied as moot.

### C. Motion for Copy of Manual Filing

Plaintiff requests a copy of the materials noticed in ECF No. 111 because he has concerns that there is a disparity in content between what was provided to the Court versus to him. (ECF No. 117.) The materials were certified as a true and correct copy of the Administrative Record Supplement by Attorney Advisory Daniel McFadden in the Office of the Staff Judge Advocate. (ECF No. 111-1.) The Court therefore denies Plaintiff's request for a copy of the materials he was previously provided.

### III.    CONCLUSION

It is therefore ordered that Plaintiff's Motion for Default Judgment (ECF No. 101) is DENIED.

It is further ordered that Plaintiff's Motion to Lift Blanket Stay (ECF No. 114) is DENIED.

It is furthered ordered that Plaintiff's Motion to Request Manual Filing Copy (ECF No. 117) is DENIED.

It is further ordered that Plaintiff's unopposed Motion for Extension of Remaining Merits Briefs Schedule (ECF No. 124) is GRANTED. Plaintiff will have until March 2, 2026, to file his Opposition/Reply to the Defendant's Motion for Summary Judgment and Defendant will have until March 9, 2026, to file its Reply.

Dated this 5th day of February, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4